UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JESUS TOVAR JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 7:18-CV-222 |
| | § | |
| JPMORGAN CHASE BANK, N.A., *et al*, | § | |
| | § | |
| Defendants. | § | |

# OPINION

Pending before the Court is JPMorgan Chase Bank, N.A.'s ("Defendant") motion to dismiss.[1] Jesus Tovar, Jr. ("Plaintiff") has not responded. After duly considering the record and relevant authorities, the Court **GRANTS** Defendant's motion as follows and **DISMISSES** Plaintiff's action **WITH PREJUDICE**.

### I. BACKGROUND

This is a foreclosure case. Defendant is the holder of a loan executed by Plaintiff in 2013 and secured against Plaintiff's property.[2] Plaintiff asserts that "due to unexpected circumstances, Plaintiff stayed behind on a few payments" owed to Defendant.[3] Plaintiff alleges Defendant refused to take late payments;[4] however, Plaintiff also alleges that Defendant accepted and deposited late payments "on various occasions."[5] Finally, Plaintiff alleges he never received a

---

[1] Dkt. No. 6.
[2] Dkt. No. 1-1 p. 9, ¶ C. (the property is legally described as "a 5.00 acre tract of land out of the south ½ of lot 37, Stewarts addition to Conway Gardens subdivision, Hidalgo County, Texas as per map thereof recorded in volume 21 page 514 of the deed records of said county.").
[3] *Id.* ¶ E.
[4] *Id.*
[5] *Id.* at p. 10, ¶ I.

demand letter and that Defendant failed to provide Plaintiff the right to cure period as required under Texas law.[6] The property was set to be foreclosed on July 3, 2018.[7]

On July 2, 2018—the day before the scheduled foreclosure sale—Plaintiff, in a *pro se* capacity, filed a petition in state court seeking and receiving a temporary restraining order to prevent the foreclosure sale.[8] On the facts alleged, Plaintiff brings claims that Defendant violated the American Recovery and Reinvestment Act, 12 U.S.C. §§ 5201 *et seq*. which creates and implements the Home Affordable Modification Program ("HAMP"); waived its right to foreclose by accepting late payments; failed to send the necessary breach letter; and failed to send a notice of default and intent to accelerate as required under the Texas Property Code.[9] Plaintiff seeks damages, a temporary restraining order, and a temporary injunction.[10]

Subsequently, Defendant removed to federal court,[11] and filed the instant motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure ("Rules") 8 and 12(b)(6).[12] Plaintiff failed to respond and the time for doing so has passed, rendering the motion unopposed under the operation of Local Rules.[13] The Court now turns to its analysis.

## II. BACKGROUND

To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[14] Although this does not require extensive detail, the pleading must contain "more than labels and conclusions" and go beyond "a formulaic recitation of the

---

[6] *Id.* at pp. 9–10, ¶ G–H.
[7] *Id.* ¶ D.
[8] *Id* at p. 31.
[9] Dkt. No. 1-1 pp. 11–13.
[10] *Id.* pp. 14–15.
[11] Dkt. No. 1. Plaintiff's complaint also names substitute trustee "Sandra Mendoza" as defendant, but Defendant removed on the basis that Sandra Mendoza was improperly joined.
[12] Dkt. No. 6.
[13] *See* L.R. 7.2–7.4 of the Local Rules of the Southern District of Texas (a motion is deemed unopposed if the non-movant does not respond within twenty-one days).
[14] *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007), cert. denied, 552 U.S. 1182 (2008) (internal quotations omitted).

elements."[15] The Court regards all well-pled facts as true; however conclusory allegations are not entitled to the same presumption of truth.[16] These well-pled facts are viewed in the light most favorable to the plaintiff.[17] The Court may dismiss a complaint if the complaint fails to state a claim upon which relief can be granted, or if the pleading does not assert enough facts to support a plausible claim for relief.[18]

In the case at issue, federal jurisdiction is invoked on the basis of diversity of citizenship,[19] therefore, this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[20] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[21]

The general rule is that "in deciding whether to grant a motion to dismiss, a district court may not go outside the complaint."[22] However, a court may permissibly refer to matters of public record, and any document relied on by the plaintiff.[23] Here, Defendant requests the Court take judicial notice of the deed of trust ("Deed of Trust") which is a public record and central to Plaintiff's claims.[24] As a result, the Court may consider the Deed of Trust during its analysis of this motion to dismiss.

---

[15] *See Twombly*, 550 U.S. at 555.
[16] *See id*. at 678–79; *see also R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).
[17] *Id.*
[18] *See In re Katrina Canal Breaches Litig.*, 495 F.3d at 205.
[19] *See* Dkt. No. 1. Defendant also asserts federal question jurisdiction but the Court makes no finding on that issue.
[20] *See Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (U.S. 1938).
[21] *Id.* (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)) (internal quotation marks omitted).
[22] *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 (5th Cir. 2012) (internal quotation marks and citation omitted).
[23] *See Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("[A] court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, 'documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.'")(quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)); *see also Williams v. Travelers Ins*. Co., No. 96-20420, 1996 U.S. App. LEXIS 42786, at *4 (5th Cir. Sep. 18, 1996) ("But [the] complaint itself introduces the file as the basis of [the] suit, and a court can properly consider such documents on a motion to dismiss, even when the opposing party actually submits them to the court.").
[24] *See* Dkt. No. 6-1 (Deed of Trust which is a public record, judicially noticed pursuant to Fed. R. Evid. 201(c)(2)).

**III. ANALYSIS**

Defendant argues that Plaintiff's complaint fails to state any cognizable claim. Defendant argues that (A) Plaintiff's allegations regarding loan modification fail to state a claim because there is no private right of action under HAMP and they are barred by the statute of frauds; (B) Defendant did not waive is right to foreclose; (C) Plaintiff fails to adequately plead a breach of contract claim; (D) no foreclosure occurred as required to state a claim under the Texas Property Code; and (E) Plaintiff's request for injunctive relief fails without a viable cause of action.

The Court agrees with Defendant. Plaintiff did not respond to this motion to dismiss, and thus, under the Local Rules, is unopposed to the dismissal of this action. Nonetheless, the Court will explain its reasoning as follows.

    A.    HAMP/Loan Modification

Plaintiff alleges, under a heading entitled "Home Affordable Modification Program ('HAMP')" that Defendant failed "to honor its agreements with Plaintiff to modify his mortgage and prevent foreclosure."[25] Plaintiff further states Defendant "entered into written agreements with Plaintiff . . . and promised that compliance . . . would result in . . . a permanent loan modification . . . ." and that Plaintiff "complied . . . by submitting the required documentation and making payments."[26] However, Plaintiff provides no details on the content of these agreements.

Based on these allegations, it is somewhat unclear whether Plaintiff is seeking to bring a claim under HAMP, a common law contract claim regarding loan modification, or both. Regardless, Plaintiff's complaint fails to state a claim upon which relief can be granted. *First,*

---

[25] Dkt. No. 1-1 p. 11, ¶¶ 1–3.
[26] *Id.* ¶ 3.

courts have found that there is no private right of action under HAMP.[27] *Second,* Plaintiff's allegations do not satisfy the statute of frauds. In Texas, a loan agreement in which the amount involved exceeds $50,000 in value —as is the case here[28]—is not enforceable under the statute of frauds unless the agreement is in writing and signed by the party to be bound.[29] Where a plaintiff seeks to enforce an oral contract, it has the burden of proving that the statute of frauds is satisfied.[30] Thus, any alleged loan modification fails to state a claim upon which relief can be granted, either under HAMP or under the common law.

For the foregoing reasons, Plaintiff's claim in relation to HAMP and loan modification must be **DISMISSED WITH PREJUDICE.**

B. Waiver

Plaintiff alleges that Defendant "established a course of dealing" of accepting late payments and on this basis that Defendant waived its right to foreclose.[31] However, Plaintiff's complaint makes contradictory statements about whether Defendant accepted late payments.[32] Plaintiff states that Defendant both "refused to take late payments" and that Defendant

---

[27] *See, e.g., Kiper v. BAC Home Loans Servicing*, LP, 884 F. Supp. 2d 561, 572-73 (S.D. Tex. 2012), aff'd sub nom. *Kiper v. BAC Home Loans Servicing*, L.P., 534 F. App'x 266 (5th Cir. 2013); *Emiabata v. Bank of N.Y. Mellon Tr. Co. N.A.*, No. A-17-CV-1101-SS-ML, 2017 U.S. Dist. LEXIS 218413, at *7 (W.D. Tex. Nov. 30, 2017); *Cade v. BAC Home Loans Servicing,* LP, No. H-10-4224, 2011 U.S. Dist. LEXIS 65045, at *7-9 n.2 (S.D. Tex. June 20, 2011); *Godfrey v. Wells Fargo & Co.*, No. 5:16CV79-RWS-CMC, 2017 U.S. Dist. LEXIS 31187, at *19 (E.D. Tex. Jan. 9, 2017); *Geske v. Wells Fargo Bank, Nat'l. Ass'n*, No. 3:11-CV-3337-L, 2012 U.S. Dist. LEXIS 51500, 2012 WL 1231835, at *6 (N.D. Tex. Apr. 12, 2012) ("the vast majority of courts . . . have universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers").
[28] Dkt. No. 1-1 p. 9 ("Plaintiff executed a promissory noted in the original principle amount of . . . $274,928.00.").
[29] *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238-39 (5th Cir. 2014)(citing Tex Bus. & Com. Code Ann. § 26.02(b)); *Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 256 (5th Cir. 2013) *Fed. Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442, 35 Tex. Sup. Ct. J. 184 (Tex. 1991).
[30] *Hugh Symons Grp. v. Motorola, Inc.,* 292 F.3d 466, 469 (5th Cir. 2002)
[31] Dkt. No. 1-1 pp. 12–13.
[32] *Id.* at p. 1, ¶ E–E (The Court notes that two separate heading were labeled E and contained completely opposite statements about Defendant's course of dealing).

"established a course of dealing . . . of accepting Plaintiff's late payments."[33] Regardless of their contradictory nature, these allegations are insufficient to establish waiver.

Waiver is not an independent cause of action in Texas.[34] Waiver is "defensive in nature" and operates to prevent the loss of existing rights and not to create liability where it does not otherwise exist.[35] Even assuming, *arguendo*, that waiver is an independent cause of action, in order to establish waiver, the conduct of the mortgagor as a whole must be inconsistent with the right to foreclose.[36] The elements of waiver include (1) an existing right held by a party; (2) the party's actual knowledge of its existence; and (3) the party's actual intent to relinquish the right, or intentional conduct inconsistent with the right.[37] In this analysis, the essential element of establishing waiver is clear intent to relinquish the right.[38] The Fifth Circuit has noted: "Texas courts have also made clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose."[39]

Here, Plaintiff has not established that Defendant acted in a manner inconsistent with the right to foreclose. Even taking Plaintiff's contradictory statements in the light most favorable to Plaintiff, any forbearance on the part of Defendant was discretionary and not indicative of Defendant's intent to waive rights contained in the Deed of Trust. Mere acceptance of late

---

[33] *Id.*
[34] *See e.g., Manriquez v. Wells Fargo Bank, N.A.*, No. 7:16-CV-00126, 2017 U.S. Dist. LEXIS 111538 at *6 (S.D. Tex. Mar. 16, 2017); *Franklin v. BAC Home Loans Servicing, LP*, 3:10-CV-1174-M, 2012 U.S. Dist. LEXIS 93719, 2012 WL 2679496, at *12 (N.D. Tex. June 6, 2012), report and recommendation adopted, 3:10-CV-1174-M, 2012 U.S. Dist. LEXIS 93718, 2012 WL 2688809 (N.D. Tex. July 5, 2012) (citing *Thomas v. Compass Bank*, 2002 Tex. App. LEXIS 4427, 2002 WL 1340333, at *4 (Tex.App.-Houston [1st Dist.] June 20, 2002, no pet.)).
[35] *Hruska v. First State Bank of Deanville*, 747 S.W.2d 783, 785 (Tex. 1988).
[36] *See Watson v. CitiMortgage, Inc.*, No. 12-41009, 2013 WL 2468035 at *2 (5th Cir. June 10, 2013) ("Texas courts have [] made it clear that a lienholder does not waive the right to foreclose merely by delaying foreclosure, entering into modification negotiations, or otherwise exercising forbearance without additional conduct inconsistent with the right to foreclose.").
[37] *Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008)
[38] *Manriquez*, No. 7:16-CV-00126, 2017 WL 1397137 at *7 (citing *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003)).
[39] *Watson v. CitiMortgage, Inc.*, 530 Fed. Appx. 322, 326 (5th Cir. 2013).

payments is not inconsistent with Defendant maintaining its right to foreclose. Indeed, Defendant's current foreclosure attempt indicates that Defendant wished to maintain its right to foreclose. Additionally, Defendant asks the Court to judicially notice the Deed of Trust.[40] The Deed of Trust contains a non-waiver clause which states, in part: "Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy."[41] This expressly indicates that Defendant did not intend to relinquish its rights if it accepted late payments.[42]

Thus, even assuming that Defendant has accepted some late payments, Plaintiff has failed to put forth allegations that support a cognizable claim. Waiver is not an independent cause of action, and in any case, Plaintiff failed to show that Defendant waived its right to foreclose. The waiver claim is **DISMISSED WITH PREJUDICE**.

    C.    Breach Letter

Plaintiff's petition also contains a section entitled "The Breach Letter," in which Plaintiff claims that "Texas deeds of trust contain a clause that requires the lender to send notice, which is often called a breach or demand letter, informing Plaintiff that their [sic] loan is in default before it can accelerate the loan and proceed with foreclosure."[43] Defendant argues that, to the extent that Plaintiff intends this as a breach of contract claim, Plaintiff's allegations fail to satisfy the pleading standard under Texas law for such a claim.

The Court construes Plaintiff's allegations as stating a breach of contract claim. A breach of contract claim has the following essential elements in Texas: "(1) the existence of a valid

---

[40] *See* Dkt. No. 6-1 The Deed of Trust is a public record; accordingly, the Deed of Trust is judicially noticed pursuant to Fed. R. Evd. 201 (b)(2).
[41] *Id.* p. 6, ¶ 11.
[42] *See Manriquez v. Wells Fargo Bank, N.A.,* No. 7:16-CV-00126, 2017 U.S. Dist. LEXIS 111538, at *8 (S.D. Tex. Mar. 16, 2017*)* ("[T]he existence of a non-waiver agreement strongly suggests lack of intent of lienholder to waive rights otherwise held under the contract . . . .").
[43] Dkt. No. 1-5 pp. 5–6.

contract; (2) performance by plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by plaintiff as a result of the breach."[44] Moreover, the Fifth Circuit has explained that "a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."[45]

Here, Plaintiff's complaint fails to allege facts supporting the second, third, and forth elements of a breach of contract claim.[46] Indeed, Plaintiff's complaint concedes that he failed to perform under the terms of the contract (the second element) by failing to make the necessary payments, and for that reason alone his claim is not cognizable. Plaintiff also fails to support the third element because he does not identify what provision of the contract was breached. The complaint states that the Deed Trust requires Defendant to send notice of default; however the complaint does not identify the specific provision in the Deed of Trust where this is stated. Finally, Plaintiff's complaint fails to satisfy the fourth element. Plaintiff does not show that he sustained any damages; it is undisputed that a foreclosure did not occur, and Plaintiff remains in possession of the property. For these reasons Plaintiff's complaint does not state the necessary elements of a breach of contract claim and must fail and be **DISMISSED WITH PREJUDICE**.

D.   Texas Property Code

The Court also finds that Plaintiff's claims under the Texas Property Code are meritless. Plaintiff alleges the following:

> Texas law requires that the lender/servicer must send the borrower a notice of default and intent to accelerate by certified mail that provides at least 20 days to cure the default before notice of sale can be given. The notice must be sent to borrower's last known address and must include the amount due and the date it

---

[44] *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).
[45] *Williams v. Wells Fargo Bank, N.A.*, 560 Fed. Appx. 233, 238 (5th Cir. 2014).
[46] Defendant does not contest the first element—the existence of a valid contract—and in fact attaches the Note and Deed of Trust.

must be paid. Defendants did not comply with said requirement pursuant to the Texas Property Code.[47]

Plaintiff does not cite any particular provision of the Texas Property Code, but he is clearly referencing § 51.002(d), which provides: "the mortgage servicer of the debt shall serve a debtor in default under a deed of trust . . . on real property used as the debtor's residence with written notice . . . that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of sale can be given."[48]

There is no claim under § 51.002(d) where no foreclosure has actually taken place.[49] Here, a temporary restraining order was issued by the state court to prevent foreclosure.[50] Where "a Temporary Restraining order is issued preventing [a] [d]efendant from conducting a foreclosure sale, [a] [p]laintiff . . . [f]ails to allege a § 51.002 claim upon which relief can be granted . . . ."[51] Because Plaintiff's complaint does not indicate that a foreclosure sale has taken place, and because he has benefited from a temporary restraining order prohibiting the same, his complaint fails to state a claim under § 51.002(d).

Furthermore, courts have found that § 51.002 does not provide *any* independent cause of action because it does not "contain its own enforcement mechanism."[52] Rather, "federal courts have construed claims under section 51.002 to be wrongful foreclosure claims."[53] Plaintiff's § 51.002 claim fails even if it is construed as a wrongful foreclosure claim, again because no foreclosure sale occurred. There can be no wrongful foreclosure when no foreclosure has taken

---

[47] Dkt. No. 1-1 p. 13 (under the caption "Notice of Default and Intent to Accelerate").
[48] Tex. Prop. Code §51.002(d) (West).
[49] S*ee also Suarez v. Ocwen Loan Servicing, LLC*, 2015 WL 7076674, at *3 (W.D. Tex. Nov. 12, 2015) ("Failure to comply with Texas Property Code §§ 51.002 (b) and (d) does not provide Plaintiff with a cause of action prior to an actual foreclosure sale.") (citing *Crucci v. Seterus, Inc.*, 2013 WL 6146040, at *3 (W.D. Tex. Nov.21, 2013)).
[50] *See* Dkt. No. 1-1 p. 31.
[51] *Suarez*, 2015 WL 7076674, at *3.
[52] *See e.g.*, *Ashton v. BAC Home Loans Servicing, L.P.*, 2013 WL 3807756, at *4 (S.D. Tex. July 19, 2013).
[53] *Id*. (citing *Hill v. Wells Fargo Bank, N.A.*, 2012 WL 2065377, at *7–8 (S.D. Tex. June 6, 2012); *Bittinger v. Wells Fargo Bank NA*, 2011 WL 3568206, at *4–5 (S.D. Tex. Aug.15, 2011)).

place.[54] Consequently, Plaintiff's claims based on the Texas Property Code are **DISMISSED WITH PREJUDICE.**

E. Injunctive Relief

Plaintiff's request for a temporary restraining order was granted in state court, leaving only the request for injunctive relief pending before this Court.[55] Injunctive relief requires the movant to establish, among other things, that there is a substantial likelihood of success on the merits.[56] As shown above, Plaintiff has stated no viable cause of action, thus injunctive relief in not warranted here. Consequently, Plaintiff's request for injunctive relief is **DISMISSED WITH PREJUDICE**.

I. **HOLDING**

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED**, and Plaintiff's entire action is **DISMISSED WITH PREJUDICE**. Pursuant to Rule 58, a final judgment will issue separately.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 4th day of September, 2018.

Micaela Alvarez
United States District Judge

---

[54] *See Manriquez v. Wells Fargo Bank,* N.A., No. 7:18-CV-00012, 2018 U.S. Dist. LEXIS 44207, at *5 (S.D. Tex. Mar. 19, 2018); *see also Biggers v. BAC Home Loans Servicing,* LP, 767 F. Supp. 2d 725, 729 (N.D. Tex. 2011); *Peoples v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 31626, 2011 WL 1107211, at *4 (N.D. Tex. Mar. 25, 2011).
[55] Dkt. No. 1-1 p. 14, ¶ G ("Plaintiff[s] request[] the issuance of a . . . temporary injunction.").
[56] *See Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Ashton v. BAC Home Loans Servicing*, L.P., 4:13-CV-810, 2013 WL 3807756, at *7 (S.D. Tex. July 19, 2013) (denying motion for temporary injunction as moot after granting the defendant's motion to dismiss).